IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 29 2002

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| CISCO HIGH-LIFT OF TEXAS, LTD. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| PETTIBONE/TRAVERSE, LLC f/k/a | § | |
| ARDCO-TRAVERSE LIFT, L.L.C., | § | |
| | § | 1-02CV- 063C |
| *Defendant.* | § | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

NOW COMES Defendant, Pettibone/Traverse, LLC f/k/a Ardco-Traverse Lift, L.L.C. ("Defendant"), and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits this Notice of Removal (the "Notice") of the action filed in the 91st Judicial District Court of Eastland County, Texas, styled *Cisco High-Lift of Texas, Ltd. v. Pettibone/Traverse, LLC f/k/a Ardco-Traverse Lift, L.L.C.*, Cause No. CV-02-38892 (the "State Court Action" or "Action") from the State Court to the United States District Court for the Northern District of Texas, Abilene Division. In support of its Notice, Defendant states:

### I. The State Court Action

1. On or about February 13, 2002, Plaintiff Cisco High-Lift of Texas, Ltd. ("Plaintiff") filed the State Court Action against Defendant. As demonstrated below, there was diversity of citizenship at the time of the initial filing of the State Court Action, as well as at the time of this removal, and the Action is therefore removable under 28 U.S.C. §§ 1332, 1441, and 1446.

2. In the State Court Action, Plaintiff alleges various causes of action against Defendant, including breach of contract, fraud, and violation of the Texas Deceptive Trade Practices - Consumer Protection Act arising out of an alleged commercial transaction. Original Petition ¶¶ 5-27. Plaintiff alleges that it is entitled to at least $10,000,000.00 in actual damages, as well as at least $10,000,000.00 for punitive damages, attorneys' fees, and costs. *Id.* at ¶¶ 23, 29, 34. Defendant has not answered the State Court Action, nor has its time to answer or otherwise plead expired.

## II. Removal Jurisdiction

3. This Court has jurisdiction over the Action by virtue of diversity of citizenship under 28 U.S.C. § 1332. Diversity of citizenship existed both at the time Plaintiff filed the Action in state court and at the time of this removal.

4. Plaintiff alleges that it is a Texas limited partnership. Original Petition ¶ 2. On information and belief, Plaintiff's general partner is Cisco High Lift, Inc., which has its principal place of business in the State of Texas. Defendant further states on information and belief that Cisco High Lift, Inc. is a deactivated Texas corporation whose shareholders were and are each citizens of States other than Nevada, Delaware, and Illinois -- both at the time Plaintiff filed suit in state court and at the time of this removal. Still further, Defendant states on information and belief that the limited partners of Plaintiff were and are each citizens of States other than Nevada, Delaware, and Illinois -- both at the time Plaintiff filed suit in state court and at the time of this removal.

5. Defendant is a limited liability company. Its members are Pettibone, L.L.C. ("Pettibone") and Heisley Holding, L.L.C. ("Holding"). Pettibone is a limited liability company

whose members are Holding and Heisley Member, Inc. ("Member"). Member is a Nevada corporation with its principal place of business in the State of Illinois. Holding is a limited liability company whose members are Member and Heisley Holding, Inc. ("Holding, Inc."). Holding, Inc. is a Delaware corporation with its principal place of business in the State of Illinois. Accordingly, at the time Plaintiff filed suit in state court and at the time of this removal, Defendant was, and remains, a citizen of Nevada, Delaware, and Illinois. *See* Declaration of Douglas A. Johnson, attached hereto as Exhibit A.[1]

6. In sum, as demonstrated above, at the time Plaintiff filed suit in state court, and at the time of this removal, complete diversity of citizenship existed and continues to exist between Plaintiff and Defendant. Defendant is a citizen of the States of Nevada, Delaware, and Illinois, and Plaintiff is a citizen of States other than Nevada, Delaware, and Illinois.

7. The amount in controversy in the Action exceeds $75,000.00, exclusive of interest and costs.

8. Accordingly, all requirements for removal under 28 U.S.C. § 1332(a) have been met, and removal is appropriate under 28 U.S.C. § 1441(a).

9. By its Notice, Defendant seeks to remove all claims and causes of action by and between Plaintiff and Defendant in the State Court Action, including all actual and potential

---

[1] Where a state court petition does not allege facts relevant to removal jurisdiction, a removing defendant may establish the propriety of removal by alleging predicate facts in its notice of removal and in supporting affidavits. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). See, generally, 14B CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE, § 3723, p. 569 (1998) (The removal "inquiry cannot be limited to the complaint . . . because certain critical matters for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state court complaint); *Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 295-97 (S.D. Fla. 1992).

**DEFENDANT'S NOTICE OF REMOVAL - Page 3**

claims, cross-claims, counterclaims, and third-party claims asserted by and among the parties, or any of them.

### III. Procedural Matters

10. Plaintiff served Defendant with the original petition and citation on March 7, 2002. This Notice is being filed on March 29, 2002. Accordingly, this Notice is timely filed under 28 U.S.C. § 1446(b).

11. Attached hereto as Exhibit B are true and correct copies of Plaintiff's original petition and citation. No other pleadings or orders have been served upon Defendant in the Action.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of the Original Notice is being filed with the Clerk of the 91st Judicial District Court of Eastland County, Texas, and is being served on all parties to this lawsuit.

13. No admission of fact, law, or liability is intended by the filing of this Notice, and all defenses, motions, and pleas are expressly reserved.

### IV. Jury Demand

14. Defendant hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**A. WILLIAM ARNOLD III & ASSOCIATES**
A Professional Corporation

By: _____
**A. WILLIAM ARNOLD III**
Texas Bar No. 01339900
**CHRISTOPHER D. FREEMAN**
Texas Bar No. 00784080
10100 North Central Expressway
Suite 600
Dallas, Texas 75231
(214) 696-0600 (office)
(214) 696-0699 (telecopier)

AND

**SPERLING & SLATER P.C.**
**EUGENE J. FRETT**
Illinois ARDC No. 3122327
**ANGIE CHEN**
Illinois ARDC No. 6272054
55 West Monroe
Suite 3300
Chicago, IL 60603
312-641-3200
312-641-6492 FAX

**ATTORNEYS FOR DEFENDANT
PETTIBONE/TRAVERSE. LLC, f/k/a
ARDCO-TRAVERSE LIFT, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing attached has been duly served on counsel of record via certified mail, return receipt requested, facsimile, hand delivery and/or regular mail on this the 28th day of March, 2002.

Richard E. Schellhammer
John J. Sheedy
Goins, Underkofler, Crawford & Langdon
1201 Elm Street, Suite 4800
Dallas, Texas 75270

_____
A. WILLIAM ARNOLD III

**DEFENDANT'S NOTICE OF REMOVAL - Page 6**